UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ADAM BLACK
515 Evergreen Street
West Lafayette, Indiana 47906

    Plaintiff,

v.

WISSEN INFOTECH, INC.
2325 Parklawn Drive, Suite G
Waukesha, Wisconsin 53186

    Defendant

Case No.: 19-cv-1131

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Adam Black, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### INTRODUCTION

1. This action arises out of Plaintiff's employment with Defendant pursuant to Defendant's breach of its contractual compensation agreement(s) with Plaintiff and pursuant to Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), for unpaid wages owed to Plaintiff by Defendant, in addition to liquidated damages, attorneys' fees and costs, and any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this matter exceeds $75,000.00 and is between citizens of different States.

3. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a) because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is incorporated and operates from its principal place of business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

5. Plaintiff, Adam Black, is an adult male resident of the State of Indiana with a post office address of 515 Evergreen Street, West Lafayette, Indiana 47906.

6. Defendant, Wissen Infotech, Inc., was, at all material times herein, a commercial entity with a principal address of 2325 Parklawn Drive, Suite G, Waukesha, Wisconsin 53186.

7. Defendant is an Information Technology (IT) company.

8. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the WWPCL.

9. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the WWPCL.

## GENERAL ALLEGATIONS

10. Via written correspondence on or about February 22, 2019, Defendant offered Plaintiff the position of IT Project Manager.

11. Defendant's written offer of employment to Plaintiff on or about February 22, 2019 stated, among other things: "For this employment, you will be paid an hourly rate of $60.00, to be reported on form W-2, without any benefits, subject to all applicable taxes and withholdings."

12. Defendant's written offer of employment to Plaintiff on or about February 22, 2019 concluded: "Agreed to an accepted with the Express intent to be legally bound[.]"

13. On or about February 22, 2019, Plaintiff received Defendant's written offer of employment to him for the position of IT Project Manager.

14. Subsequent to on or about February 22, 2019, Plaintiff revised Defendant's written offer of employment to him for the position of IT Project Manager by changing the phrase, "For this employment, you will be paid an hourly rate of $60.00, to be reported on form W-2, without any benefits, subject to all applicable taxes and withholdings," to the following: "For this employment, you will be paid a quarter hourly rate of $60.00, to be reported on form W-2, without any benefits, subject to all applicable taxes and withholdings." (Hereinafter simply, the "revised employment offer.") The revised employment offer did not revise, change, or alter Defendant's written offer of employment in any other respect, including the phrase, "Agreed to an accepted with the Express intent to be legally bound[.]"

15. On or about February 27, 2019, Plaintiff signed and dated the revised employment offer.

16. On or about March 4, 2019, Defendant received Plaintiff's signed and dated revised employment offer.

17. On or about March 4, 2019 and subsequent to receiving Plaintiff's signed and dated revised employment offer, Defendant, by its "VP – Sales & Marketing," signed and dated Plaintiff's revised employment offer (hereinafter simply, the "fully executed revised employment offer.")

18. On or about March 4, 2019, Plaintiff received the fully executed revised employment offer from Defendant.

19. Among other things, the fully executed revised employment offer that Defendant signed, dated, and communicated to Plaintiff stated, "For this employment, you will be paid a quarter hourly rate of $60.00, to be reported on form W-2, without any benefits, subject to all applicable taxes and withholdings"; and, "Agreed to an accepted with the Express intent to be legally bound[.]"

20. In approximately early March 2019, Plaintiff commenced his employment with Defendant in the position of IT Project Manager.

21. During Plaintiff's employment with Defendant, Plaintiff performed work in the position of IT Project Manager with Defendant in the State of Wisconsin.

22. During Plaintiff's employment with Defendant, Plaintiff did not have the ability or actual authority to hire, fire, discipline, promote, or direct the terms and conditions (e.g., schedules, hours of work, and/or work assignments) of other employees of Defendant.

23. During Plaintiff's employment with Defendant, Plaintiff did not have the ability or actual authority to hire, fire, discipline, promote, or direct the terms and conditions (e.g., schedules, hours of work, and/or work assignments) of other employees of Defendant.

24. During Plaintiff's employment with Defendant, Plaintiff worked approximately forty (40) hours per week on behalf of Defendant, for Defendant's benefit, and/or with Defendant's knowledge.

25. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a semi-monthly basis via check.

26. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis in Plaintiff's position of IT Project Manager.

27. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff with an hourly rate of $60.00 for hours worked and work performed in Plaintiff's position of IT Project Manager.

28. During the entirety of Plaintiff's employment with Defendant, Defendant did not compensate Plaintiff with the previously agreed-upon "quarter hourly rate of $60.00" for hours worked and work performed in Plaintiff's position of IT Project Manager.

29. In approximately June 2019, Plaintiff's employment with Defendant ended.

30. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him with a previously agreed-upon "quarter hourly rate of $60.00" for all hours worked and work performed in a workweek, in accordance with the fully executed revised employment offer and in accordance with the WWPCL.

31. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate him with a previously agreed-upon "quarter hourly rate of $60.00" for all hours worked and work performed in a workweek, in accordance with the fully executed revised employment offer and in accordance with the WWPCL.

32. Defendant knew or should have known that Plaintiff must be compensated with a previously agreed-upon "quarter hourly rate of $60.00" for all hours worked and work performed in a workweek, in accordance with the fully executed revised employment offer and in accordance with the WWPCL.

33. Defendant had a statutory duty to comply with the WWPCL and to remedy WWPCL violations of which it was aware and/or of which it should have been aware.

34. Defendant owes Plaintiff earned and unpaid wages for hours worked and work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated in an amount of approximately $113,760.00, plus liquidated damages and attorneys' fees and costs.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

35. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

36. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with a "quarter hourly rate of $60.00" for hours worked and work performed in a workweek during his employment with Defendant.

37. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff with a "quarter hourly rate of $60.00" for hours worked and work performed in a workweek during his employment with Defendant.

38. As a result of Defendant's failure to compensate Plaintiff with a "quarter hourly rate of $60.00" for all hours worked and work performed in a workweek during his employment with it, Plaintiff has suffered monetary loss and/or damages of approximately $113,760.00.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
## (FAILURE TO PAY AN AGREED-UPON WAGE)

39. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

40. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

41. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

42. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

43. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at a previously agreed-upon rate of pay.

44. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate him with a "quarter hourly rate of $60.00" for all hours worked and work performed in a workweek during his employment with Defendant, in violation of the WWPCL, in a monetary amount of approximately $113,760.00.

45. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

46. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

47. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to unpaid hourly and agreed-upon wages, in a monetary amount of approximately $113,760.00, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid, including under the WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 6th day of August, 2019

                                                WALCHESKE & LUZI, LLC
                                                Counsel for Plaintiff

                                                **s/ *Scott S. Luzi***

                                                James A. Walcheske, State Bar No. 1065635
                                                Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com